UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE L. WOLFF, | No.  2:15-cv-1899 DB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff argues that the ALJ erred at step two of the sequential evaluation and by rejecting plaintiff's testimony.  For the reasons explained below, plaintiff's motion is granted, defendant's motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In February of 2012, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on

---

[1]  Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF Nos. 7 & 12.)

November 1, 2006.  (Transcript ("Tr.") at 28, 154-55.)  Plaintiff's application was denied

initially, (id. at 92-95), and upon reconsideration.  (Id. at 100-04.)  Plaintiff requested an

administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on

August 21, 2013.  (Id. at 39-71.)  Plaintiff was represented by an attorney and testified at the

administrative hearing.  (Id. at 39-40.)

   In a decision issued on November 19, 2013, the ALJ found that plaintiff was not disabled.

(Id. at 35.)   The ALJ entered the following findings:

> 1.   The claimant last met the insured status requirements of the Social Security Act on December 31, 2009.
>
> 2.   The claimant did not engage in substantial gainful activity during the period from her alleged onset date of November 1, 2006 through her date last insured of December 31, 2009 (20 CFR 404.1571 *et seq.*).
>
> 3.   Through the date last insured, the claimant had the following severe impairments: degenerative disc disease (20 CFR 404.1520(c)).
>
> 4.   Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5.   After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can sit for 8 hours in an 8-hour work day (with normal breaks); stand/walk for 8 hours in an 8-hour workday (with normal breaks).  She can frequently stoop, crouch, crawl and kneel and perform frequent gross and fine manipulation.
>
> 6.   Through the date last insured, the claimant was capable of performing past relevant work as an attorney.  This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7.   The claimant was not under a disability, as defined in the Social Security Act, at any time from November 1, 2006, the alleged onset date, through December 31, 2009, the date last insured (20 CFR 404.1520(f)).

(Id. at 30-35.)

   On June 16, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's

November 19, 2013 decision.  (Id. at 13-15.)  Plaintiff sought judicial review pursuant to 42

1    U.S.C. § 405(g) by filing the complaint in this action on September 8, 2015.  (ECF No. 1.)

2                                        LEGAL STANDARD

3          "The district court reviews the Commissioner's final decision for substantial evidence,

4    and the Commissioner's decision will be disturbed only if it is not supported by substantial

5    evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).

6    Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

7    support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v.

8    Chater, 108 F.3d 978, 980 (9th Cir. 1997).

9          "[A] reviewing court must consider the entire record as a whole and may not affirm

10   simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin.,

11   466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

12   1989)).  If, however, "the record considered as a whole can reasonably support either affirming or

13   reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari,  298 F.3d

14   1072, 1075 (9th Cir. 2002).

15         A five-step evaluation process is used to determine whether a claimant is disabled. 20

16   C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step

17   process has been summarized as follows:

18            Step one:  Is the claimant engaging in substantial gainful activity?
              If so, the claimant is found not disabled.  If not, proceed to step
19            two.

20            Step two:  Does the claimant have a "severe" impairment?  If so,
              proceed to step three.  If not, then a finding of not disabled is
21            appropriate.

22            Step three:  Does the claimant's impairment or combination of
              impairments meet or equal an impairment listed in 20 C.F.R., Pt.
23            404, Subpt. P, App. 1?  If so, the claimant is automatically
              determined disabled.  If not, proceed to step four.
24
              Step four:  Is the claimant capable of performing his past work?  If
25            so, the claimant is not disabled. If not, proceed to step five.

26            Step five:  Does the claimant have the residual functional capacity
              to perform any other work?  If so, the claimant is not disabled.  If
27            not, the claimant is disabled.

28   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

                                                  3

1    The claimant bears the burden of proof in the first four steps of the sequential evaluation

2    process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden

3    if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094,

4    1098 (9th Cir. 1999).

5                                             APPLICATION

6          Plaintiff's pending motion argues that the ALJ committed the following two principal

7    errors:  (1) the ALJ erred at step two of the sequential evaluation; and (2) the ALJ's treatment of

8    plaintiff's testimony constituted error.  (Pl.'s MSJ (ECF No. 16) at 8-12.[2])

9    **I.     Step Two Error**

10         At step two of the sequential evaluation, the ALJ must determine if the claimant has a

11   medically severe impairment or combination of impairments.  Smolen v. Chater, 80 F.3d 1273,

12   1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41).  The Commissioner's regulations

13   provide that "[a]n impairment or combination of impairments is not severe if it does not

14   significantly limit [the claimant's] physical or mental ability to do basic work activities."  20

15   C.F.R. §§ 404.1521(a) & 416.921(a).  Basic work activities are "the abilities and aptitudes

16   necessary to do most jobs," and those abilities and aptitudes include:  (1) physical functions such

17   as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking;

18   (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5)

19   responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing

20   with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) & 416.921(b).

21         The Supreme Court has recognized that the Commissioner's "severity regulation increases

22   the efficiency and reliability of the evaluation process by identifying at an early stage those

23   claimants whose medical impairments are so slight that it is unlikely they would be found to be

24   disabled even if their age, education, and experience were taken into account."  Yuckert, 482 U.S.

25   at 153.  However, the regulation must not be used to prematurely disqualify a claimant.  Id. at 158

26   (O'Connor, J., concurring).  "An impairment or combination of impairments can be found not

27

28   [2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1   severe only if the evidence establishes a slight abnormality that has no more than a minimal effect

2   on an individual['] s ability to work."  Smolen, 80 F.3d at 1290 (internal quotation marks and

3   citation omitted).

4         "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination

5   of impairments only when his conclusion is 'clearly established by medical evidence.'"  Webb v.

6   Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see

7   also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two

8   burden where "none of the medical opinions included a finding of impairment, a diagnosis, or

9   objective test results").  "Step two, then, is 'a de minimis screening device [used] to dispose of

10  groundless claims[.]'"  Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also

11  Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis

12  standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal.

13  Feb.11, 2008) (describing claimant's burden at step two as "low").

14        Here, plaintiff argues that the ALJ erred at step two of the sequential evaluation by finding

15  that plaintiff's chronic fatigue syndrome, bilateral carpal tunnel syndrome, peripheral neuropathy,

16  and cervical stenosis were not severe impairments.  (Pl.'s MSJ (ECF No. 16) at 8.)  The ALJ's

17  decision failed to discuss any of these impairments at step two.  In this regard, the entirety of the

18  ALJ's step two discussion is merely a single sentence finding that plaintiff's "degenerative disc

19  disease," constituted a sever impairment through the date last insured.  (Id. at 30.)  The ALJ's

20  decision provides nothing more at step two.

21        Moreover, as noted in plaintiff's motion, there is evidence to supports plaintiff's assertion

22  that these impairments were medically determinable and severe.  (See Tr. at 212, 217, 231, 233,

23  237, 239, 242-44, 253-54, 257-58, 276-77, 295-96, 300, 302, 329, 333.)  Although the ALJ's

24  decision noted at step four that plaintiff's alleged impairments included chronic fatigue syndrome,

25  bilateral carpal tunnel syndrome, peripheral neuropathy, and cervical stenosis, the ALJ failed to

26  evaluate these impairments in any meaningful way.  (Id. at 31-34.)

27        In this regard, the ALJ committed harmful error at step two of the sequential evaluation.

28  See Philips v. Colvin, No. 1:12-cv-1772 JLT, 2014 WL 791478, at *7 (E.D. Cal. Feb. 24, 2014)

1  ("the ALJ erred by failing to identify and evaluate the conditions and its symptoms in

2  combination at Step Two, or consider any limitations at Step Four"); see also Ortiz v.

3  Commissioner of Social Sec., 425 Fed. Appx. 653, 655 (9th Cir. 2011) ("This is not the total

4  absence of objective evidence of severe medical impairment that would permit us to affirm a

5  finding of no disability at step two."); Webb, 433 F.3d at 687 ("Although the medical record

6  paints an incomplete picture of Webb's overall health during the relevant period, it includes

7  evidence of problems sufficient to pass the de minimis threshold of step two."); Burch v.

8  Barnhart, 400 F.3d 676, 682 (9th Cir. 2005) ("In determining whether a claimant's obesity is a

9  severe impairment, an ALJ must do an individualized assessment of the impact of obesity on an

10  individual's functioning."); Russell v. Colvin, 9 F.Supp.3d 1168, 1186-87 (D. Or. 2014) ("On

11  review, the court must determine whether the ALJ had substantial evidence to find that the

12  medical evidence clearly established that Ms. Russell did not have a medically severe impairment

13  or combination of impairments."); cf. Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (any

14  step two error was harmless where "ALJ extensively discussed" condition "at Step 4 of the

15  analysis"); Ukolov, 420 F.3d at 1006 ("Because none of the medical opinions included a finding

16  of impairment, a diagnosis, or objective test results, Ukolov failed to meet his burden of

17  establishing disability.").

18      Accordingly, the court finds that plaintiff is entitled to summary judgment on the claim

19  that the ALJ erred at step two of the sequential evaluation.

20  **II.    Plaintiff's Testimony**

21      Plaintiff also argues that the ALJ's treatment of plaintiff's testimony constituted error.

22  (Pl.'s MSJ (ECF No. 16) at 11-12.)  The Ninth Circuit has summarized the ALJ's task with

23  respect to assessing a claimant's credibility as follows:

24              To determine whether a claimant's testimony regarding subjective
                pain or symptoms is credible, an ALJ must engage in a two-step
25              analysis.  First, the ALJ must determine whether the claimant has
                presented objective medical evidence of an underlying impairment
26              which could reasonably be expected to produce the pain or other
                symptoms alleged.  The claimant, however, need not show that her
27              impairment could reasonably be expected to cause the severity of
                the symptom she has alleged; she need only show that it could
28              reasonably have caused some degree of the symptom.  Thus, the

> ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were "not entirely credible for the reasons explained in this decision." (Tr. at 32.) The ALJ's decision then provided a nonspecific discussion of medical records, (id. at 32-34), before concluding:

////

7

> Based on the above evidence it is found that the claimant's subject (sic) complaints and allegations regarding her functional limitations are not fully credible for the time period of her alleged onset date of November 1, 2006 through her date last insured of December 31, 2009.  There are minimal treatment records to support the severity of her condition during this period.

(Tr. at 34.)

However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of" the symptoms.  Burch, 400 F.3d at 680; see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue.").

Accordingly, the ALJ failed to offer specific, clear, and convincing reasons for rejecting plaintiff's testimony.  Plaintiff, therefore, is also entitled to summary judgment on the claim that the ALJ's treatment of plaintiff's subjective testimony constituted error.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir.

8

1  2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the

2  proper approach is to remand the case to the agency.").

3       Here, given the ALJ's error at step two of the sequential evaluation the court cannot say

4  that "further administrative proceedings would serve no useful purpose."  <u>Dominguez</u>, 808 F.3d

5  at 407; <u>see</u> <u>also</u> <u>Treichler</u>, 775 F.3d at 1103-04 ("In evaluating this issue, we consider whether the

6  record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been

7  resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal

8  rules.").  Accordingly, this matter will be remanded for further proceedings.

9       For the reasons stated above, IT IS HEREBY ORDERED that:

10      1.  Plaintiff's motion for summary judgment (ECF No. 16) is granted;

11      2.  Defendant's cross-motion for summary judgment (ECF No. 17) is denied;

12      3.  The Commissioner's decision is reversed; and

13      4.  This matter is remanded for further proceedings consistent with this order.

14  Dated:  March 13, 2017

15

16

17  DEBORAH BARNES
   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24  DLB:6
   DB\orders\orders.soc sec\wolff1899.ord

25

26

27

28